**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4549**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

THEODORUS ANDREAS ROUSSOS,

Defendant - Appellant.

**No. 05-4574**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

EUGENE OGLESBY,

Defendant - Appellant.

Appeals from the United States District Court for the District of South Carolina, at Greenville. Henry F. Floyd, District Judge. (CR-04-407)

Submitted: June 28, 2006          Decided: July 26, 2006

Before WILKINSON and NIEMEYER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Beattie B. Ashmore, PRICE, PASCHAL & ASHMORE, P.A., Greenville, South Carolina; Cameron G. Boggs, BOGGS LAW FIRM, Greenville, South Carolina, for Appellants. Reginald I. Lloyd, United States Attorney, Regan A. Pendleton, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Theodorus Roussos (Appeal No. 05-4549) and Eugene Oglesby (Appeal No. 05-4574) appeal their convictions and sentences for conspiracy to manufacture, possession with intent to distribute, and distribution of fifty grams or more of methamphetamine and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2000). Roussos was sentenced to 360 months' imprisonment; Oglesby was sentenced to 235 months' imprisonment.

The Appellants first contend the district court abused its discretion when it admitted photographic evidence of a forensic analyst, dressed in a hazardous materials suit and holding vials of liquid seized from the conspirators' methamphetamine laboratory. The Appellants claimed the photographs were unduly prejudicial, communicating the existence of a danger to the community that could potentially influence the jury. The Government averred the photographs--the only ones depicting the particular liquid--had significant probative value, because they were part of the Government's foundation for the admissibility of the liquid. The district court found that, under Fed. R. Evid. 403, the probative value of the photographs outweighed their prejudicial effect and, therefore, admitted the photographs.

A district court's evidentiary rulings are entitled to substantial deference and will not be reversed absent a clear abuse

of discretion. That discretion is abused only when the district court acted arbitrarily or irrationally. See United States v. Moore, 27 F.3d 969, 974 (4th Cir. 1994). After a careful review of the record, we find the district court did not abuse its discretion in this instance.

Next, Oglesby[*] asserts the district court erroneously admitted testimony concerning a separate methamphetamine conspiracy and consequently prejudiced his defense. However, the testimony was not "unrelated to the overall conspiracy charged in the indictment," United States v. Squillacote, 221 F.3d 542, 574 (4th Cir. 2000), and accordingly there was no risk the jury was likely to transfer evidence from an unrelated conspiracy to the charged conspiracy. See id. at 574-75. Thus, we find the district court committed no error.

Finally, the Appellants contend the district court imposed sentences in violation of United States v. Booker, 543 U.S. 220 (2005), and United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). After Booker, a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. United States v. Green, 436 F.3d 449, 455-56 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006); Hughes, 401 F.3d at 546. In determining the sentence, however, courts are still required to calculate and consider the

_____

[*]While Roussos joined in this argument before the district court, only Oglesby is identified in the appellate brief as pursuing this argument on appeal.

- 4 -

guidelines range, as well as the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005). Id. In sentencing defendants after Booker, district courts should apply a preponderance of the evidence standard, taking into account that the resulting guideline range is advisory only. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005) (internal quotation marks and citation omitted). We will affirm a post-Booker sentence if it is within the statutorily prescribed range and is reasonable. Hughes, 401 F.3d at 546-47.

Here, the district court correctly calculated the Appellants' ranges under the now-advisory sentencing guidelines using a preponderance of the evidence standard. After giving due consideration to the § 3553(a) factors, the district court then sentenced the Appellants within the statutorily prescribed range for their offenses and within the ranges provided for by the sentencing guidelines. Neither Roussos nor Oglesby has rebutted the presumption that the district court imposed a reasonable sentence.

Accordingly, we affirm the judgments of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED